# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**TIMEOUT TRAVEL CENTER, INC.,**

    Plaintiff,

vs.                                                       No.    **CIV 01-1125 MCA/KBM**

**BETTY WOODALL,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Notice of Removal (Doc. No. 1) filed on September 26, 2001, and the Court's *sua sponte* inquiry regarding subject-matter jurisdiction. The Court, having considered the pleadings of record, the relevant law, and being otherwise fully advised in the premises, finds that this Court lacks subject matter jurisdiction and must remand the case to the Twelfth Judicial District Court, County of Otero, State of New Mexico.

Betty Woodall (Woodall) was an employee of Timeout Travel Center, Inc. She was successful in pursuing a complaint of unlawful discrimination before the New Mexico Human Rights Commission against her employer, Timeout Travel Center, Inc. (Timeout).

On August 30, 2001, Timeout filed a timely Notice of Appeal to the Twelfth Judicial District Court, pursuant to N.M. STAT. ANN. 28-1-1 -28-1-15 (Repl. Pamp. 2000).

On September 26, 2001, Woodall removed the case to federal court, asserting as the sole basis therefor a single reference to "Title VII" in Timeout's Notice of Appeal. The reference is as follows: "On December 8, 2000, a Determination of Probable Cause was issued in regard to alleged violations of *Title VII of the Civil Rights Act of 1964, as amended* and the New Mexico Human Rights Act." (Emphasis added.) [See ¶ 4 of Notice of Appeal.][1]

In asserting the above-quoted language as her sole basis for removal, Woodall asks this Court to construe that portion of the sentence, which mentions Title VII as a "pleading" or "claim" sufficient to invoke the jurisdiction of the federal court. In other words, Woodall asks this Court to accept the text as sufficient to state a claim or right arising under the Constitution, Treaties, or laws of the United States. 28 U.S.C. § 1441. The Court declines to do so.

## I.     PROCEDURAL BACKGROUND

In June of 2000, Woodall filed a complaint with New Mexico Human Rights Commission (Commission) against her employer, Timeout Travel Center, Inc., praying for relief from unlawful and impermissible discrimination under New Mexico Human Rights Act, N.M. STAT. ANN. § 28-1-1 et seq. and Title VII of Civil Rights Act, 29 U.S.C. § 2000e1-17 (1994). In her complaint to the Commission, she alleged that she suffered impermissible discrimination as a member of a protected class (female) and that her position was filled by

---

[1] Counsel for Timeout has indicated that the reference to Title VII was in error. (See #8 of Facts In Support of State Court Jurisdiction filed by Timeout). The Court's analysis herein is not influenced by this claim of error.

someone outside the protected class (a male). She also alleged that Timeout subjected her to adverse action (constructive termination).

On December 8, 2000, the Commission issued a "probable cause" determination and recommended conciliation. The Commission also advised Woodall that a formal hearing would be scheduled, unless waived by her.

On May 24, 2001, the Commission issued a complaint pursuant to N.M. STAT. ANN. § 28-1-10 (F) against Timeout. The Commission's complaint relied solely on violations of NMHA. After the hearing, the Commission found that Woodall demonstrated, by a preponderance of evidence that, as an employee, she was subjected to impermissible discrimination. The Commission further found that Timeout did not meet its burden of proof of proving a legitimate nondiscriminatory reason for its actions. The Commission awarded Woodall $29,400 in damages.

On August 30, 2001, Timeout filed a Notice of Appeal in the Twelfth Judicial District Court for the County of Otero, State of New Mexico, in Cause No. CV 2001-450, therein appealing the Order of Determination issued by the Commission. On September 26, 2001, Woodall removed the case to the United States District Court for the District of New Mexico. The Notice of Removal states as follows: "Plaintiff [Timeout] acknowledges that claims under Title VII of the civil Rights Act of 1964, as amended, are at issue in this matter." (See Notice of App. Comp. ¶ 4). The Notice of Removal further states that "Woodall's *forthcoming* Answer to the Notice of Appeal . . . will include a federal statutory

claim under Title VII of the Civil Rights Act of 1964 as amended." (See Notice of Appeal ¶ 3.) (Emphasis added.)

## II. **REMOVAL**

A review of this Court's jurisdiction is a threshold question, which must be answered prior to the disposition of the case before it. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). Federal courts are of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995).

The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress. See Laughlin, 50 F.3d at 873. Removal statutes are strictly construed against removal to prevent encroachment on the jurisdiction of state court, to preserve comity, and to protect the plaintiff's right to fair treatment. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). All doubts must be resolved against removal and in favor of remand. See Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001). Otherwise, the parties would risk the possibility of winning a final judgment in federal court only to have it determined later on appeal that the court lacked jurisdiction. See Laughlin, 50 F.3d at 873. Any such finding would void the federal judgment and would require the parties to return to state court and relitigate the case. See id. As the party invoking federal jurisdiction, the employee bears the burden of establishing that the requirements for jurisdiction have been met. See Martin, 251 F.3d at 1290.

Under 28 U.S.C. § 1441(a) (1994), a defendant may remove any civil action brought in the state court of which the district courts of the United States have original jurisdiction. To determine the presence or absence of federal-question jurisdiction, the Supreme Court has consistently adhered to the well-pleaded complaint rule. See Okla. Tax Comm'n v. Graham, 489 U.S. 838, 840-41 (1989); see also Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808 (1986). Under that rule, whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, it must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (holding that an action arises under federal law only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint).

### III. DISCUSSION

Woodall argues that the removal is proper in this case because Timeout, by including a reference to Title VII in ¶ 4 of the State Court Notice of Appeal, converted the state claim into a federal action.

Woodall's argument is without merit. Timout's State Court Notice of Appeal fails to allege or plead a federal question. The state court action included only state law claims, as it represented an appeal authorized by state statute from the adverse determination by a state agency. Section 28-1-13 of the NMHRA specifically provides the employer with the

right to appeal a New Mexico Human Rights Commission's order to the state court. Further, Timeout's pursuit of its right to appeal (de novo) does not depend upon proof or interpretation of any federal law. The Court concludes that Timeout presented no federal claim in its Notice of Appeal.

The artful pleading doctrine does not apply in the present circumstances because Congress never intended the federal remedy available under Title VII to preempt the remedies available under state law. See Alexander v. Gardner-Denver Co., 415 U.S. 36, 48 (1974). "[T]he legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes." Id. Further, the "clear inference is that Title VII was designed to supplement, rather than supplant, existing laws and institutions relating to employment discrimination." Id. at 48-49. State law relief is also available to an employee because the "Senate defeated an amendment which would have made Title VII the exclusive federal remedy for most unlawful employment practices." Id. at 48 n. 9 (quoting 110 Cong. Rec. 13650-13652 (1964)). Thus, Congress never intended the federal law to occupy the entire field and pre-empt all state law claims.

The Court finds no justification in the statutory scheme of Title VII for departing from the well-pleaded complaint rule in this case. Although Title VII has its own unique rules regarding such issues as reporting to a state agency or EEOC before proceeding to the federal court, the general rules of subject-matter jurisdiction apply as in any case. Cf Lamson v. Firestone Tire & Rubber Co., 724 F. Supp. 511, 512 (N.D. Ohio 1989) (concluding that a

defendant employee cannot remove a state court negligence action to the federal court, even though one of the essential elements of the state action is the employer's breach of its duty under Title VII to investigate complaints of sex discrimination and sexual harassment). Timeout's state-court pleading (Notice of Appeal) is the controlling document for purposes of deciding the subject-matter jurisdiction of this Court. See Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815 (9th Cir. 1985). Because the textual substance of Timeout's Notice of Appeal does not suggest such meaning as would create a recognized exception to the well-pleaded complaint rule, and because Timeout filed its appeal in accordance with a right conferred by state statute, this Court lacks jurisdiction in this matter. See Caterpillar Inc., 482 U.S. at 392. Thus, Woodall's action is not removable, as she cannot change the nature of the Plaintiff's complaint by adding federal claim in her removal petition. See Great N. Ry. v. Alexander, 246 U.S. 276 (1918).

Even if the employee's Title VII claim is treated as a counterclaim, removability cannot be created by the defendant pleading a counterclaim presenting a federal question. See Takeda, 765 F.2d at 815. Further, in the present case, Woodall never filed any counterclaim in the state court alleging a Title VII claim. Rather, she attempted to raise a Title VII claim in her removal petition and now argues that her attempt is sufficient to transform this case into one raising a federal question. She did not present any case law to support this proposition. For these reasons, the Court declines to depart from the time-honored principle of the well-pleaded complaint doctrine. Franchise Tax Bd., 463 U.S. at 10.

As an alternative basis for asserting federal-question jurisdiction, Woodall has submitted a "right to sue" letter from EEOC to the Court. The Court will not consider this letter because, in determining the existence of removal jurisdiction based upon a federal question, courts must look to the complaint as of the time the removal petition was filed. See Great N. Ry., 246 U.S. at 281; Libhart, 592 F.2d at 1065. Woodall's "right to sue" letter was not issued or submitted until after the removal petition was filed. Therefore, it cannot have the effect of making this case removable to federal court. See Great N. Ry., 246 U.S. at 281, Libhart, 592 F.2d at 1065.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that this Court lacks subject-matter jurisdiction and that the matter is to be remanded to the Twelfth Judicial District Court.

**IT IS, THEREFORE, ORDERED** that this action be and hereby is **REMANDED** to the Twelfth Judicial District Court for the County of Otero, State of New Mexico.

**SO ORDERED**, this 29th day of August, 2002, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge